ANTHONY J. CELESTE
Nevada Bar No. 8776
BRYAN M. VIELLION
Nevada Bar No. 13607
KAEMPFER CROWELL
1980 Festival Plaza Drive, #650
Las Vegas, Nevada 89135
Phone:  (702) 792-7000
Fax:  (702) 796-7181
bviellion@kcnvlaw.com
aceleste@kcnvlaw.com
*Attorneys for Plaintiff/Judgment Creditor*
*Magnolia Financial Group, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAGNOLIA FINANCIAL GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH ANTOS; DAVID BECKLEAN;<br>and KCI INVESTMENTS, LLC,<br><br>Defendants. | Case No.  2:18-ms-00073<br><br><br>**MOTION FOR<br>CHARGING ORDER** |

Judgment creditor Magnolia Financial Group ("MFG") applies to the Court for an order charging the limited liability company and corporate shareholder interests of judgment debtor Kenneth Antos, with the payment of all amounts due or owing to Mr. Antos through his revocable living trust, now or in the future, to MFG in order to satisfy the judgment entered against Mr. Antos.  This motion is made based on the following points and authorities and the attached exhibits.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2210932_7.docx      18691.1

Page 1 of 7

1

**POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3      The United States District Court in the Eastern District of Louisiana entered a judgment

4 for $2,947,518.81 against Mr. Antos, among others, and in favor of MFG on May 14, 2018. The

5 judgment was subsequently domesticated in Nevada in this case on August 29, 2018. Mr. Antos

6 has a membership interest in a limited liability company which owns real property in Nevada.

7 The real property is listed for sale with an expected closing date of October 31, 2018. Under the

8 law outlined below, MFG is entitled to a charging order against Mr. Antos' LLC and corporate

9 interests such that any distributions, disbursements, or other income provided to Mr. Antos by

10 virtue of his membership interest be paid to MFG.

11

**II.    PROCEDURAL BACKGROUND**

12      A judgment in an action for the recovery of money or property entered in any district court

13 may be registered by filing a certified copy of the judgment in any other district. A judgment so

14 registered shall have the same effect as a judgment of the district court of the district where

15 registered and may be enforced in like manner. 28 U.S.C. §1963. Execution upon the judgment

16 and proceedings to enforce it may commence 14 days after its entry. FRCP 62(a).

17      State law governs execution of a federally domesticated judgment unless a federal statute

18 applies. FRCP 69(a). With regards to enforcement of a foreign judgment in Nevada, "no

19 execution or other process for enforcement *may issue* until 30 days" after a creditor mails notice

20 of the filing of the judgment and the required affidavit, attaching a copy of each to the notice, to

21 the judgment debtor. NRS 17.360. (emphasis added) FRCP 6(d) provides an additional three

22 days for a party to act after service by mailing.

23      In this case, the judgment was entered by the Louisiana District Court on May 14, 2018.

24 Dkt. No. #352, Case 2:15-cv-07144-JTM, Eastern Distr. of Louisiana. Judgment creditor

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2210932_7.docx    18691.1

Page 2 of 7

1  domesticated the judgment in Nevada on August 27, 2018 (ECF #1). The Federal District Court

2  for Nevada entered the Judgment on August 29, 2018. **Ex. 1**, Docket Report and Notice of

3  Electronic Filing. The notice of entry of the Judgment was filed and served by certified mail

4  return receipt requested on all debtors on September 13, 2018 (ECF #3). The Notice of Filing of

5  the judgment and affidavit of registration was filed and served by certified mail return receipt

6  requested on all debtors on September 13, 2018 (ECF #4 and #5).

7      This court may issue the charging order any day after October 16, 2018. As of October

8  17, 2018, the procedural stays provided for by FRCP 62 and NRS 17.360 will have expired.

9  Further, the sale for the real property is expected to close no later than October 31, 2018.

10  Therefore, MFG respectfully requests that the Court issue the charging order, in the form of the

11  proposed order attached as **Ex. 8**, on October 17, 2018.

12  **III.    STATEMENT OF FACTS**

13      On May 14, 2018, the United States District Court in the Eastern District of Louisiana

14  entered judgment against Mr. Antos for $2,947,518.81, with reasonable attorney's fees and legal

15  interest accruing from the date of demand until paid at the judicial rate, in Case No. 2:15-cv-

16  07144-JTM-DEK. *See* Judgment, (ECF #1 at paras. 3, 4, and 5). The Court found that Mr. Antos

17  committed willful and intentional acts in wrongfully directing funds from MFG for his own

18  personal benefit. *Id.* at ¶ 5. On August 31, 2018, the Louisiana Court issued its Report and

19  Recommendation that the amount of reasonable attorney's fees and costs to be added to the

20  Judgment be $363,063.95. **Ex. 2**, Report and Recommendation at page 8. On August 29, 2018,

21  the Judgment was domesticated in Nevada in this case. As of September 18, 2018, the current

22  amount of the Judgment stands at $3,676,203.62. **Ex. 3**, Declaration of Bryan Viellion, ¶ 5.

23

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2210932_7.docx    18691.1

Page 3 of 7

1    Kenneth Antos and his wife, Shelia, purchased 5148 Spanish Heights Dr. Las Vegas,

2  Nevada 89148 (APN 163-29-615-007, the "Property") and recorded the Grant Bargain Sale Deed

3  on April 16, 2007.  **Ex. 4**, Grant, Bargain, Sale Deed to Mr. and Ms. Antos.

4    On October 14, 2010, Mr. Antos conveyed his interest in the Property to the Kenneth and

5  Shelia Antos Living Trust (the "Trust") dated April 26, 2007.  **Ex. 5**, Grant, Bargain, Sale Deed

6  to the Trust.  Mr. and Mr. Antos are the trustees of their living trust.  *Id.*

7    On November 3, 2017, Kenneth Antos, as trustee of the Trust, transferred his interest in

8  the Property held by the revocable living trust to Spanish Heights Acquisition Company, LLC

9  ("Spanish Heights").  **Ex. 6,** Deed of Sale to Spanish Heights.  Mr. Antos declared, under penalty

10  of perjury, that the sale was exempt from transfer tax due under NRS Chapter 375 since it was "a

11  transfer, assignment, or other conveyance of real property to a corporation or other business

12  organization if the person conveying the property owns 100% of the corporation or

13  organization." *Id.* at p. 3.  Therefore, the revocable living Trust owns 100% of Spanish Heights.

14    The Nevada Secretary of State's website lists SJC Ventures Holdings, LLC as a

15  managing member of Spanish Heights.  After a diligent search, counsel was unable to find any

16  information which substantiates that SJC Ventures is a validly formed entity.  **Ex. 3**, Declaration

17  of Bryan Viellion, ¶ 6.  Such information is inconsequential, however, since Mr. Antos declared

18  under the penalty of perjury that the Trust owns 100% of Spanish Heights.

19    MFG is therefore informed and believes that Mr. Antos, through his interest under his

20  revocable living Trust, has an ownership interest in Spanish Heights.  The Property is listed for

21  sale in Nevada and under contract.  **Ex. 7**, Property Listing Printout.  The sale is scheduled to

22  close on or before October 31, 2018.  *Id.*

23

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

2210932_7.docx     18691.1

Page 4 of 7

## IV.    ARGUMENT

Nevada law entitles MFG to the charging orders requested here.  NRS 86.401 ("on application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest [in an LLC] with payment of the unsatisfied amount of the judgment with interest").  The settlor of a revocable living trust retains complete ownership of the property in the trust.  *See Fla. Nat'l Bank v. Genova*, 460 So. 2d 895, 897 (Fla. 1984) ("A revocable trust is a unique type of transfer. According to E. Carr, Revocable Trusts, 5-6 (1980), 'it is created when a person, called the settlor, subjects property owned by him to a trust for the benefit of at least one other person, reserving to himself as settlor-beneficiary the income from the trust property for life and the power to revoke the trust in whole or in part at any time. The other person or persons' enjoyment of the trust is postponed until the settlor's death.' By definition, then, when a settlor sets up a revocable trust, he or she has the right to recall or end the trust at any time, and thereby regain absolute ownership of the trust property.").  Courts have granted charging orders where the debtor holds an interest in a corporation or organization through a trust.  *See AmerisourceBergen Drug Corp. v. Meier*, No. 5:06-MC-00053-JLH, 2007 U.S. Dist. LEXIS 100282, at *7 (W.D. Ark. May 29, 2007) (granting a charging order in an LLC with a revocable trust as the 100% member of the LLC.)

Here, it is clear that Mr. Antos transferred his interest in the Property into the Trust.  Mr. Antos is the trustee of the trust and retained full and complete control over the Property evidenced by his transfer of the Property out of the Trust to Spanish Heights.  Further, the Trust owns 100% of Spanish Heights in accordance with Mr. Antos' statement made under penalty of perjury on the Declaration of Value page exempting the Property from transfer tax.   It is clear that Mr. Antos holds a membership interest in Spanish Heights through his revocable Trust.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

2210932_7.docx     18691.1

Page 5 of 7

1    Therefore, a charging order against Spanish Heights is appropriate on account of the judgment

2    against Mr. Antros.

3         As a result of a charging order, the judgment creditor—in this case, MFG—has the rights

4    of an assignee of the member's interest. *See, e.g., Weddell v. H20, Inc.*, 128 Nev. Adv. Op. 9,

5    271 P.3d 743, 749 (2012) ("A charging order directs the LLC to make distributions to the

6    creditor that it would have made to the member."). As an assignee of the member's interest,

7    MFG is entitled to all sale proceeds received by the Trust from Spanish Heights' sale of the

8    Property.

9         Consistent with NRS 86.401, the Court should enter charging orders to Spanish Heights,

10   directing it to make any and all distributions to which Mr. Antos may have been or shall become

11   entitled to through his held interest in the Trust, directly to MFG, with the charging orders to

12   remain in effect until the judgment is satisfied.

13   **V.    CONCLUSION**

14        For these reasons, the Court should enter orders charging Kenneth Antos interest in any

15   payments, distributions, or disbursements from Spanish Heights Acquisition Company, LLC,

16   through Mr. Antos' interest as the settlor, trustee, and beneficiary of the Kenneth and Shelia

17   Antos Living Trust, in order to satisfy MFG's judgment.

18        DATED this 21st day of September, 2018.

19                  KAEMPFER CROWELL

20                  /s/ Bryan M. Viellion
                    BRYAN M. VIELLION (Nevada Bar No. 13607)

21                     ANTHONY J. CELESTE (Nevada Bar No. 8776)
                  1980 Festival Plaza Drive, Suite 650

22                     Las Vegas, Nevada  89135
                  *Attorneys for Plaintiff/Judgment Creditor*

23                     *Magnolia Financial Group, LLC*

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2210932_7.docx    18691.1

Page 6 of 7

1

## CERTIFICATE OF ELECTRONIC SERVICE

2     Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing

3  Procedures, I certify that I am an employee of KAEMPFER CROWELL, and that the foregoing

4  **MOTION FOR CHARGING ORDER** was served via electronic service to:

5     Paula A. Ates, Esq.
      PAULA A. ATES & ASSOCIATES, LLC
6     10557 Airline Highway
      St. Rose, LA 70087
7     paulaates113@gmail.com
      *Attorneys for Plaintiff/Judgment Creditor*
8     *Magnolia Financial Group, LLC*

9     DATED this 21st day of September, 2018.

10

                              /s/ Heather Suter
11                            an employee of Kaempfer Crowell

12

## CERTIFICATE OF SERVICE BY MAIL

13     I hereby certify that service of the foregoing **MOTION FOR CHARGING ORDER**

14  was made this date by depositing a true and correct copy of the same for mailing via certified

15  mail return receipt requested enclosed in a sealed envelope with postage fully prepaid, at Las

16  Vegas, Nevada, addressed to each of the following:

17

18     **Kenneth Antos**
       **4968 Mountain Foliage Dr.**
       **Las Vegas, NV 89148**
19

20     DATED this 21st day of September, 2018.

21                            /s/ Heather Suter
                              an employee of Kaempfer Crowell
22

23

24

# EXHIBIT 1
## Docket Report and Notice of Electronic Filing

## Docket Report and Notice of Electronic Filing
# EXHIBIT 1

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:18-ms-00073

Magnolia Financial Group, LLC v. Antos et al
Assigned to:
Case in other court: Eastern District of Louisiana, 15-cv-7144
Cause: Civil Miscellaneous Case

Date Filed: 08/27/2018
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Magnolia Financial Group, LLC**

represented by **Paula A. Ates**
Paula A. Ates & Associates, LLC
10557 Airline Highway
St. Rose, LO 70087
504-737-1600
Fax: 504-737-1660
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kenneth Antos**

**Defendant**

**David Becklean**

**Defendant**

**KCI Investments, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2018 | 1 | REGISTRATION of Foreign Judgment (Filing fee $ 47 PAID; Receipt No. NVRNO-004250). (Attachments: # 1 Cover Letter)(DRM) Modified on 8/29/2018 to reflect **Eastern District of Louisiana Case No. 15-cv-7144</B. (DRM). (Entered: 08/29/2018)** |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/04/2018 12:42:34 | | |
| **PACER Login:** | kcrgf0152:2581178:4627714 | **Client Code:** 18691.001 KQS |

## Initial Documents in a Miscellaneous Case
2:18-ms-00073 Magnolia Financial Group, LLC v. Antos et al

### United States District Court

### District of Nevada

**Notice of Electronic Filing**

The following transaction was entered on 8/29/2018 at 3:02 PM PDT and filed on 8/27/2018
**Case Name:**      Magnolia Financial Group, LLC v. Antos et al
**Case Number:**    2:18-ms-00073
**Filer:**
**Document Number:** 1

**Docket Text:**
**REGISTRATION of Foreign Judgment (Filing fee $ 47 PAID; Receipt No. NVRNO-004250).**
**(Attachments: # (1) Cover Letter)(DRM)**


**2:18-ms-00073 Notice has been electronically mailed to:**


**2:18-ms-00073 Notice has been delivered by other means to:**

Paula A. Ates
Paula A. Ates & Associates, LLC
10557 Airline Highway
St. Rose, LO 70087

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=8/29/2018] [FileNumber=8865206-0
] [1a99babf2b8c5fde477a6984f17e361da25d57d3d1bb0b97c9101392d884330fd84
7b0ae85e8ce18e96a47fb0170a1f2df3552de5dcb9edc2da3e9532d97967e]]
**Document description:** Cover Letter
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=8/29/2018] [FileNumber=8865206-1
] [137ec15d1b95537ea3c1561d8ccb5c9d80641c581f52243aa539cd2662f55dd5c4c
3e487523e035c522ed52f0535a1dc7650ab517869826433ccd6539a77ed80]]

# EXHIBIT 2
## Report and Recommendation

Report and Recommendation
# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MAGNOLIA FINANCIAL GROUP, L.L.C.**                    **CIVIL ACTION**

**VERSUS**                                              **NO. 15-7144**

**KENNETH ANTOS, ET AL.**                               **SECTION "H" (3)**

### REPORT AND RECOMMENDATION

On May 14, 2018, by Judgment in favor of plaintiff Magnolia Financial Group, L.L.C. ("MFG"), the District Court awarded reasonable attorneys' fees and costs to MFG and referred the determination of the amount of those fees and costs to the undersigned.   [Doc. #352].   Now before the Court is the motion for summary judgment on said fees and costs filed by MFG [Doc. #355] against defendants Kenneth Antos, David Becklean, and KCI Investments, L.L.C. ("KCI"). The motion is unopposed. For the reasons set forth below, IT IS RECOMMENDED that order and judgment issue awarding attorneys' fees and costs in favor of plaintiff MFG in the amount $363,063.95.

### I.    Background

The underlying facts of this lawsuit are generally irrelevant to the issue of attorneys' fees and costs and are already outlined in various opinions issued by the District Court. *Magnolia Fin. Group, L.L.C. v. Antos*, 310 F. Supp. 3d 764 (E.D. La. 2018). Suffice it to say that MFG sued Antos, Becklean, and KCI (collectively, "defendants")[1] in the 29th Judicial District court for the Parish of St. Charles, Louisiana. Defendants removed the lawsuit on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

In short, MFG sued defendants for the breach of a promissory note. After initially appearing with counsel, defendants ultimately failed to participate in the preparation of the pre-

---

[1]  While MFG sued other defendants as well, it settled with those defendants before trial.

trial order, the pre-trial conference, and even the trial. On May 14, 2018, the District Court issued

its Findings of Facts and Conclusions of Law and its Judgment in which it found that defendants

had defaulted on the promissory notes, and – apart from the damages under the notes – MFG was

entitled to reasonable attorney's fees and costs for the costs of collecting against defendants as the

notes provided.   MFG now seeks $339,375.00 in attorneys' fees and $23,688.95 in costs.

**II.      Analysis**

    **B.      The Lodestar Approach**

Because this lawsuit is grounded in diversity, Louisiana law applies and Rule 1.5(a) of the

Louisiana Rules of Professional Conduct governs this Court's determination of attorneys' fees and

costs. *Mayeur v. Campbell*, 666 So. 2d 366, 370 (La. Ct. App. 1995); *see also Mathis v. Exxon

Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("A fee award is governed by the same law that serves

as the rule of decision for the substantive issues in the case." (citing *Kona Tech. Corp. v. S. Pac.

Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)). MFG agrees that the lodestar approach applies

here and that Rule 1.5(a)'s factors are essentially the same as those outlined by the Fifth Circuit in

*Johnson v. Ga. Hwy. Express*, 488 F.2d 714 (5th Cir. 1974).

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for

attorneys' fees should not spawn major ancillary litigation.   *Hensley v. Eckerhart*, 461 U.S. 424,

437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d

374, 379 (5th Cir. 1990).   A court's discretion in fashioning a reasonable attorney's fee is broad

and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong

evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.   *Hopwood

v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1.    Reasonable Hourly Rates

Turning to the accounting statements and affidavits submitted by MFG's counsel, this Court must determine whether the hourly rates of $295.00/hour for both George Vourvoulias and Janes Harmon are reasonable given counsel's ability, competence, experience, and skill. Harmon is a founding partner of his firm with 30 years of experience, and Vourvoulias is a founding partner with 20 years of experience.

This Court's review of the case law in this district for the past five years reveals that the

requested hourly rates are acceptable based on the practice of law in this district. *See, e.g., Curry v. Lou Rippner, Inc.*, Civ. A. No. 14-1908, 2016 WL 236053 (E.D. La. Jan. 20, 2016) (approving $210.00/hour for attorney with 15 years experience and $190.00/hour for attorney with 11 years experience); *McIntyre v. Gilmore*, Civ. A. No. 15-282, 2015 WL 4129378 (E.D. La. July 8, 2015) (approving $250.00/hour for partners with 24 and 11 years of experience); *J&J Sports Prods., Inc. v. Evolution Entm't Group, L.L.C.*, Civ. A. No. 13-5178, 2014 WL 6065601 (E.D. La. Nov. 12, 2014) (approving $300.00/hour for attorney with 32 years experience); *Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250.00/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300.00/hour to $275.00/hour for attorney with 34 years experience and from $300.00/hour to $250.00/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450.00/hour to $350.00/hour for attorney with 30 years experience and from $300.00/hour to $275.00/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350.00/hour for partners with 30 and 36 years experience).

Considering the prevailing market rates in the Greater New Orleans area and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rates are within the range of the market rate in this area.   The Court thus finds that $295.00/hour is a reasonable rate for the services of both Vourvoulias and Harmon.

## 2.    Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable.    The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001).    As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees.    *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).    Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.    *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).    The fee seeker's attorneys "are charged with proving that they exercised billing judgment."    *Id.* at 770.    When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended.

As noted, this Court has reviewed the accounting statements and accompanying affidavits submitted via flash drive on behalf of plaintiff's counsel and finds the hours expended by counsel to be reasonable.    Combined, Vourvoulias and Harmon expended 1,150.42 hours on this lawsuit. As can be seen from the docket number of this lawsuit, this dispute has lasted approximately three years in this Court, and there are over 356 docket entries on this Court's electronic filing system. Counsel for MFG participated in no fewer than nine depositions, several of which occurred in Florida, numerous discovery disputes before this Court, dispositive motion practice before the District Court, preparing (alone) the pre-trial order, participating (also alone) in the pre-trial conference, and participating (again alone) in the trial against defendants, all actions which led to a favorable judgment on behalf of their client.    They also participated in at least one settlement

5

conference with this Court (which continued by telephone), part of which led to a settlement pre-trial with numerous co-defendants. This Court has no doubt to question whether the hours expended here were reasonable.

Moreover, the Court finds that counsel exercised billing judgment. Counsel's paralegal billed 248.2 hours of time at $75.00/hour. Finding that most of this time was clerical in nature, counsel for MFG has redacted this time from the total amount of fees sought. This resulted in $18,615.00 of lost fees, but it demonstrates counsel's billing judgment.

### 3.    The *Johnson* Factors

Generally, the Court must next consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); *see Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987).[2]  The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

While counsel tersely mentions the *Johnson* factors in their briefing, they seek no upward departure in accordance with them. And, because there is no opposition to the motion, there has

---

[2] These factors are near identical to those listed in Rule 1.5(a) of the Louisiana Rules of Professional Conduct.

6

been no request to adjust the fees downward.    Accordingly, the Court need not address the
*Johnson* factors.

**4.    Costs**

Generally, costs other than attorneys' fees shall be allowed as a matter of course to the
prevailing party unless the court otherwise directs.    Fed. R. Civ. P. 54(d).    Section 1920 provides
that a prevailing party may recover the following costs:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use
in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the
copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and
salaries, fees, expenses, and costs of special interpretation services under section
1828 of this title.

28 U.S.C. § 1920(1)-(6).

A court may award only those costs specified in Section 1920 unless there is explicit
statutory or contractual authority to the contrary.    *Mota v. Univ. of Texas Houston Health Sci.
Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Here, there is contractual authority for the recovery of all
costs incurred in collecting on the defaulted promissory notes.    The District Court explicitly
found – in its Findings of Fact and Conclusions of Law – that "[t]he Note(s) also provided for
payment of attorney fees and ***all*** expenses incurred in collection." [Doc. #351, Finding 8 (emphasis
added)]. The District Court also "granted MFG partial summary judgment in July of 2016,
recognizing MFG as "attorney in fact for the purposes of carrying out the provisions of the Security
Agreement and establishing plaintiff's rights to collect attorney fees and costs of collection at the
termination of the litigation." [*Id.* at p. 2].    Accordingly, this Court will award MFG its costs in

the amount of $23,688.95.    This amount includes costs for nine deposition transcripts – including two trips to Boca Raton, Florida to conclude depositions – document production costs, mailing and courier service, service costs on the out-of-state defendants,[3] teleconference charges, and other routine charges incurred in three long years of litigation against recalcitrant defendants who ultimately did not even bother to appear at trial, even though they faced a default judgment and foreclosure.

## IV.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment on Attorneys' Fees and Costs [Doc. #355] be GRANTED to the extent that counsel for plaintiff MFG be awarded $339,375.00 in attorneys' fees and $23,688.95 in costs, for a total of $363,063.95.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.    *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 30th day of August, 2018.

---

[3] Antos and Becklean live in Nevada and Missouri, respectively.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 3

Declaration of Bryan Viellion

Declaration of Bryan Viellion

# EXHIBIT 3

1  ANTHONY J. CELESTE
   Nevada Bar No. 8776
2  BRYAN M. VIELLION
   Nevada Bar No. 13607
3  KAEMPFER CROWELL
   1980 Festival Plaza Drive, #650
4  Las Vegas, Nevada 89135
   Phone: (702) 792-7000
5  Fax: (702) 796-7181
   bviellion@kcnvlaw.com
6  aceleste@kcnvlaw.com
   ***Attorneys for Plaintiff/Judgment Creditor***
7  ***Magnolia Financial Group, LLC***

8

                    UNITED STATES DISTRICT COURT
9
                         DISTRICT OF NEVADA
10

| | |
|---|---|
| MAGNOLIA FINANCIAL GROUP, LLC, | Case No. 2:18-ms-00073 |
| Plaintiff, | |
| v. | **DECLARATION OF** **BRYAN M. VIELLION IN SUPPORT OF** **MOTION FOR** **CHARGING ORDER** |
| KENNETH ANTOS; DAVID BECKLEAN; and KCI INVESTMENTS, LLC, | |
| Defendant. | |

16

17    I, BRYAN M. VIELLION, declare as follows:

18    1.  I am an attorney with the law firm of Kaempfer Crowell, counsel of record for Magnolia

      Financial Group, LLC ("Judgment Creditor") in the above-entitled action.
19
20    2.  I am over 21 years of age and I am competent to testify to these matters based upon

      personal knowledge, except for those matters stated upon information and belief, and as
21
      to those matters, I believe them to be true.
22
23    3.  This declaration is submitted in support of Judgment Creditor's motion for charging

      order.
24

4.  Except where stated upon information and belief, I have personal knowledge of the facts described herein, and if called upon to do so in a court of law, I could and would competently testify thereto.

5.  As of September 17, 2018, the current amount of the Judgment stands at $3,676,203.62 which consists of principal in the amount of $2,947,518.81, plus interest in accordance with the original judgment and in the amount of $362,120.86[1], plus $363,063.95 in attorney's fees and costs awarded in original judgment, plus $3,500.00 in attorney's fees and costs to date for the above-entitled action to enforce the judgment.

6.  The Nevada Secretary of State's website lists SJC Ventures Holdings, LLC as a managing member of Spanish Heights.  After a diligent search, no information was found which substantiates that SJC Ventures Holdings, LLC is a validly formed entity.

Per NRS 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED this 21st day of September, 2018.


/s/ Bryan M. Viellion
BRYAN M. VIELLION

---

[1] 11/20/15 - 12/31/15  $  13,566.66 ( 42 days @ $323.02/daily @ 4.00% per year)
01/01/16 - 12/31/16  $ 117,900.75 (366 days @ $322.13/daily @ 4.00% per year)
01/01/17 - 12/31/17  $ 125,269.55 (365 days @ $343.20/daily @ 4.25% per year)
01/01/18 - 09/18/18  $ 105,383.89 (261 days @ $403.77/daily @ 5.00% per year)

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2213659_4.docx    18691.1

Page 2 of 2

# EXHIBIT 4

Grant, Bargain, Sale Deed

Grant, Bargain, Sale Deed

# EXHIBIT 4

(4  -1

20070416-0002478

Fee: $16.00       RPTT: $9,180.00
N/C Fee: $0.00

04/16/2007              14:06:03
T20070065215
Requestor:
   CHICAGO TITLE

Debbie Conway              KAH
Clark County Recorder      Pgs: 4

APN: 163-29-615-007
**Affix R.P.T.T. $9,180.00**

**WHEN RECORDED MAIL TO and
MAIL TAX STATEMENT TO:**
KENNETH M. ANTOS AND SHELIA M.
NEUMANN-ANTOS
4968 Mountain Foliage Drive
Las Vegas, NV 89148

**ESCROW NO: 07000087-018-SC**

---

# GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That
**Rhodes Design and Development Corporation, a Nevada corporation**

in consideration of $10.00 and other valuable consideration, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to

KENNETH M. ANTOS AND SHELIA M. NEUMANN-ANTOS, HUSBAND AND WIFE AS JOINT TENANTS

all that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

Subject to:     1.   Taxes for the current fiscal year, paid current.
                2.   Conditions, covenants, restrictions, reservations, rights, rights of way and easements now of record, if any.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

Witness my/our hand(s) this ___5___ day of ___April___ 2007

**Rhodes Design and Development
Corporation, a Nevada corporation**

_Saralyn Rosenlund_
Saralyn Rosenlund, Authorized Agent

Page 1 of 3

**ESCROW NO: 07000087-018-SC**

STATE OF NEVADA

COUNTY OF CLARK

On this ___5th April 2007___ appeared before me, a Notary Public, Saralyn Rosenlund, authorized agent of Rhodes Design and Development Corporation, personally known or proven to me to be the person whose name is subscribed to the above instrument, who acknowledged that she executed the instrument for the purposes therein contained.

_____
Notary Public

My commission expires: 3·16·09

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
SHELBY RAGSDALE
Appt. No. 05-95962-1
My Appt. Expires March 16, 2009

# EXHIBIT  A

Lot Seven (7)in Block Five (5) of SPANISH HILLS ESTATES UNIT 5A, as shown by map
thereof on file in Book 107 of Plats, Page 58 in the Office of the County Recorder of Clark
County, Nevada.

**State of Nevada**
**Declaration of Value**

1. Assessor's Parcel Number(s)

   a) 163-29-615-007

   b)

2. Type of Property:

| | | | |
|---|---|---|---|
| a) ☑ Vacant Land | b) ☐ Single Fam. Resi |
| c) ☐ Condo/Twnhse | d) ☐ 2-4 Plex |
| e) ☐ Apt. Bldg. | f) ☐ Comm'l/Ind'l |
| g) ☐ Agricultural | h) ☐ Mobile Home |
| i) ☐ Other _____ | |

```
FOR RECORDER'S OPTIONAL USE ONLY
Documentation/Instrument #:_____
Book:_____ Page:_____
Date of Recording:_____
Notes:
```

3. Total Value/Sales Price of Property:                          $ 1,800,000.00

   Deed in Lieu of Foreclosure Only (value of property):      (-0-)

   Transfer Tax Value:                                        $ 1,800,000.00

   Real Property Transfer Tax Due:                            $      9,180.00

4. **If Exemption Claimed:**

   a. Transfer Tax Exemption, per NRS 375.090, Section: ___

   b. Explain Reason for Exemption: _____

5. Partial Interest: Percentage being transferred: ____%

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. **Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.**

Signature _____   Capacity _____ Grantor _____

Signature _____   Capacity _____ Grantee _____

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
|---|---|
| Print Name: Rhodes Design and Development Corporation | Print Name: _Sheila m. Neumann - Antos_ |
| Address: 4730 S. Ft. Apache #300 | Address: _4968 mtn. Foliage Dr._ |
| City: Las Vegas | City: _Las Vegas_ |
| State: NV    Zip: 89147 | State: _NV_    Zip: _89148_ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

Print Name: Chicago Title                        Escrow #: 07000087-018
Address: 9500 W. Flamingo Rd., Ste. 104
City/State/Zip: Las Vegas, NV  89147

# EXHIBIT 5
Grant, Bargain, Sale Deed to Trust




Grant, Bargain, Sale Deed to Trust
# EXHIBIT 5

Inst #: **201010140002674**
Fees: **$16.00** N/C Fee: **$0.00**
RPTT: **$0.00** Ex: #**007**
**10/14/2010 11:14:33 AM**
Receipt #: **540369**
Requestor:
**NEVADA TITLE LAS VEGAS**
Recorded By: GILKS   Pgs: 4
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

A.P. N.:   163-29-615-007
R.P.T.T.:  $ EXEMPT #7

Escrow #10-05-0444-KMD

Mail tax bill to and when recorded mail to:
Kenneth M. Antos and Shelia Antos Living
Trust dated April 26, 2007
5148 Spanish Heights Drive
Las Vegas, NV  89148

# GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH,** That **Kenneth M. Antos and Shelia M. Neumann-Antos, husband and wife, as joint tenants,** for a valuable consideration, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to **Kenneth M. Antos and Shelia M. Neumann-Antos, Trustees of The Kenneth and Shelia Antos Living Trust dated April 26, 2007, and any amendments thereto,** all that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

### SEE LEGAL DESCRIPTION ATTACHED HERETO
### AND MADE A PART HEREOF AS EXHIBIT "A".

**SUBJECT TO:**

1. Taxes for the current fiscal year, not delinquent, including personal property taxes of any former owner, if any:

2. Restrictions, conditions, reservations, rights, rights of way and easements now of record, if any, or any that actually exist on the property.

**TOGETHER WITH** all singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

**IN WITNESS WHEREOF,** this instrument has been executed this ___7___ day of
___October___, 2010.

_____        Kenneth M. Antos
Kenneth M. Antos

_____
Sheila M. Neumann-Antos


State of ___NEVADA___ }
                                            } ss:
County of ___Clark___ }

This instrument was acknowledged before me
on _____ 10/7/10

by ___Kenneth M. Antos and Sheila M. Neumann-Antos___

_____
NOTARY PUBLIC
My Commission
Expires: ___4/16/12___

KAITLIN TOMASHOWSKI
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp: 04-16-2012
Certificate No: 08-6665-1

Kaitlin Tomashowski
Cert. 08-6665-1
Exp. 04-16-2012

**EXHIBIT "A"**

LOT SEVEN (7) IN BLOCK FIVE (5) OF SPANISH HILLS ESTATES UNIT 5A, AS
SHOWN BY MAP THEREOF ON FILE IN BOOK 107, OF PLATS, PAGE 58, IN
THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

## State of Nevada
## Declaration of Value Form

1.   Assessor Parcel Number(s)
   - a)   163-29-615-007
   - b) _____
   - c) _____
   - d) _____
     _____
     _____

2.   Type of Property:

| | | | | |
|---|---|---|---|---|
| a. | ☐ Vacant Land | b. | ☒ | Sgl. Fam. Residence |
| c. | ☐ Condo/Twnhse | d. | ☐ | 2-4 Plex |
| e. | ☐ Apt. Bldg. | f. | ☐ | Comm'l/Ind'l |
| g. | ☐ Agricultural | h. | ☐ | Mobile Home |
| | ☐ Other | | | _____ |

| FOR RECORDER'S OPTIONAL USE ONLY |
|---|
| Book:_____ Page _____ |
| Date of Recording:_____ |
| Notes: |

3.
   - a.   Total Value/Sales Price of Property   $ _____
   - b.   Deed in Lieu of Foreclosure Only (value of property) _____
   - c.   Transfer Tax Value:   $ _____
   - d.   Real Property Transfer Tax Due   $ _____

4.   **If Exemption Claimed:**
   - a.   Transfer Tax Exemption, per NRS 375.090, Section:   #7
   - b.   Explain Reason for Exemption:   Transfer without consideration to a trust

5.   Partial Interest: Percentage being transferred:   100 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. **Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.**

Signature: _____   Capacity:   GRANTOR/SELLER

Signature: _____   Capacity:   AGENT

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
|---|---|
| Print Name:   Kenneth M. Antos<br>Shelia M. Neumann-Antos | Print Name:   Kenneth M. Antos and Sheila M. Neumann-Antos, Trustees of the Kenneth and Shelia Antos Living Trust dated April 26, 2007, and any amendments thereto |
| Address:   5148 Spanish Heights Drive | Address:   5148 Spanish Heights Drive |
| City:   Las Vegas | City:   Las Vegas |
| State:   NV   Zip:   89148 | State:   NV   Zip:   89148 |

## COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)

Print Name:   Nevada Title Company   Esc. #:   10-05-0444-KMD

Address:   2500 N. Buffalo Drive, Suite 150

City:   Las Vegas   State:   NV   Zip:   89128

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# EXHIBIT 6

Deed of Sale to Spanish Heights

Deed of Sale to Spanish Heights

# EXHIBIT 6

Inst #: 20171103-0002240
Fees: $40.00
RPTT: $0.00  Ex #: 009
11/03/2017 04:12:56 PM
Receipt #: 3240505
Requestor:
LEGAL WINGS
Recorded By: ANI  Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: FRONT COUNTER
Ofc: MAIN OFFICE

APN# _____ 163-29-615-007 _____

11-digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

Deed of Sale

**Type of Document**
(Example: Declaration of Homestead, Quit Claim Deed, etc.)

**Recording Requested By:**

Maier Gutierrez & Associates

**Return Documents To:**

**Name** Joseph A. Gutierrez, Esq., Maier Gutierrez Ayon

**Address** 8816 Spanish Ridge Avenue

**City/State/Zip** Las Vegas, Nevada 89148

This page added to provide additional information required by NRS 111.312 Section 1-2

(An additional recording fee of $1.00 will apply)

This cover page must be typed or printed clearly in black ink only.

OR Form 108 ~ 06/06/2007
Coversheet.pdf

APN: 163-29-615-007

Return document and mail tax statements to:

SPANISH HEIGHTS ACQUISITION COMPANY, LLC
5148 Spanish Heights Dr.
Las Vegas NV 89148

# DEED OF SALE

THIS INDENTURE WITNESSETH: That first party

**ANTOS, KENNETH & SHEILA LIV TR, KENNETH M ANTOS SHEILA M. NEUMANN-ANTOS TRS**

for valuable consideration, the receipt of which is hereby acknowledged, does hereby convey without warranty, express or implied, to:

**SPANISH HEIGHTS ACQUISITION COMPANY, LLC**

the real property situated in the County of Clark, State of Nevada, described as follows:

> LOT SEVEN (7) IN BLOCK FIVE (5) OF SPANISH HILLS ESTATES UNIT 5A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 107, OF PLATS, PAGE 58, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA

and commonly known as 5148 SPANISH HEIGHTS DR., LAS VEGAS NV 89148.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining.

Subject to:
1. Property taxes.
2. Conditions, covenants, restrictions, reservations, rights, rights of way, and easements now of record, if any.
3. Liens, deeds of trust, and other encumbrances now in force, if any.

Grantor: **ANTOS, KENNETH & SHEILA LIV TR**

By: _____          By: _____
Kenneth Antos, Trustee                    Sheila Neuman-Antos, Trustee

STATE OF NEVADA            )
COUNTY OF CLARK            )

This instrument was executed before me on October 11, 2017, by (print name) Kenneth Antos
and Sheila Neuman-Antos.

_____
NOTARY PUBLIC

My Commission Expires: 2/19/18

My Certificate No.: 10-1584-1

Charity Johnson
Notary Public
State of Nevada
My Comm. Exp. 02/19/2018
Certificate No. 10-1584-1

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 163-29-615-007
   b. _____
   c. _____
   d. _____
2. Type of Property:
   | | | | | |
   |---|---|---|---|---|
   | a. ☐ | Vacant Land | b. ☑ | Single Fam. Res. | |
   | c. ☐ | Condo/Twnhse | d. ☐ | 2-4 Plex | |
   | e. ☐ | Apt. Bldg | f. ☐ | Comm'l/Ind'l | |
   | g. ☐ | Agricultural | h. ☐ | Mobile Home | |
   | | Other | | | |

   ```
   FOR RECORDERS OPTIONAL USE ONLY
   Book_____ Page:_____
   Date of Recording: _____
   Notes:
   ```

3.a. Total Value/Sales Price of Property          $ 0.00
   b. Deed in Lieu of Foreclosure Only (value of property) (_____)
   c. Transfer Tax Value:                          $ 0.00
   d. Real Property Transfer Tax Due               $ 0.00

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section #9
   b. Explain Reason for Exemption: A transfer, assignment or other conveyance of real property to a corporation or other business organization if the person conveying the property
5. Partial Interest: Percentage being transferred: 100 % owns 100% of the corporation or organization

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____     Capacity: Grantor/Seller

Signature _Sheila Neumann-Antos_     Capacity: Grantor/Seller

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
|---|---|
| Print Name: Antos, Kenneth and Sheila LT | Print Name: Spanish Heights Acq. Co, LLC |
| Address: 5148 Spanish Heights, Dr | Address: 5148 Spanish Heights Dr |
| City: Las Vegas | City: Las Vegas |
| State: NV          Zip: 89148 | State: MV          Zip: 89148 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| | |
|---|---|
| Print Name: Maier Gutierrez & Associates | Escrow # |
| Address: 8600 Spanish Ridge Avenue | |
| City: Las Vegas | State: NV    Zip: 89148 |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# EXHIBIT 7
## Property Listing Printout

Property Listing Printout
# EXHIBIT 7

| GLVAR | Single Family Residential | | Ownership | | | | | 09/11/2018   4:03 PM |
|---|---|---|---|---|---|---|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ML# | 1909987 | Offc | AMEG24 | PubID | 096090 | Status | UCS | Area 503 | L/Price $6,499,000 |
| Address | 5148 /SPANISH HEIGHTS /Drive | | | Unit | | StatusUpdate | | | LP/SqFt $427 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Building # | | Bldr/Manf | | Model | | CondoCnv | Zip 89148 |
| County CLARK | Parcel# 163-29-615-007 | | | Zoning SINGLE | | Studio | YrBuilt 2009/RE |
| | T/R/S 21 / 60 / 29 | | | | | Const Est Start | Const Est End |
| Cmnty SPANISHHIL | | Subdiv SPANISH HILLS EST UNIT 5A | | | | City/Town Las Vegas | State NV |
| Assoc/Comm Feat Desc | | CC&RS, Guard Gated, Security, Tennis, Tennis Courts | | | | | Gated Yes |
| | | | | | | | AgeRestric N |

| Elem K-2 ROGE | Elem 3-5 ROGE | YrRound N | Junior SAWY | Highsch DURA | Subdiv# | CensTrct 5851 | MetroMap 62-D3 |
|---|---|---|---|---|---|---|---|

| | PROPERTY INFORMATION | | | #Baths | | FB 3 | HB 3 | Tot 9 |
|---|---|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| Bldg Desc 2STORY | | Prop Desc | | | | 3 | 3 | 3 | 9 |
| Type DETACHD | | Conv | | | | | | |
| Roof TILE | | | | Unit Desc | | #Bedrms 5 | #Den/Oth 6 | #Loft 0 |
| Garage 4/ATTACHD, FINISHD, STORAGE, WORKSHP | | | | | | Converted Garage N | Prkng Desc | |
| ApprxLivArea 15,218 | | #Acres +/- 0.550 | | Lot SqFt 23,958 | | Lot Desc 1/4 to 1 Acre | | Carports 0 |
| ApprxAddLivArea | | | | | | ApprxTotalLivArea 15,218 | | |
| Manuf | | Length | | Width | | ConvertRealProp | | MH-YrBlt |
| PvSpa Yes | | | | PvPool | | Yes/DISEDGE, HEATED, INGRND | | Pool Size +/- |

| | |
|---|---|
| Dir | From Tropicana and Durango, West on Tropicana, left into Spanish Hills, turn right to stay on Spanish Hills Dr., Right on Spanish mountain , Left on Spanish Heights. |
| Public Remarks | Exquisite home in Spanish Hills with outstanding views of the Strip from each room. This home showcases a spectacular great room with pocket doors, large upstairs game room and bar, massive master suite, elegant dining room, 12 seat theater, elevator, and a 2200 bottle wine cellar. |
| Ag/Ag Remarks | HOME NO LONGER AVAILABLE FOR SHOWINGS. |

| | | | | | |
|---|---|---|---|---|---|
| Master Bedroom 40x25 | 2MBR, ENTCTR, UPSTRS | | 2nd Bedroom 22x18 | DNSTRS, WICLOS, WBATH |
| 4th Bedroom 27x22 | UPSTRS, WICLOS, WBATH | | Den 50x25 | |
| Family Room 70x60 | 2FAMPLUS, 2OMFR, BOTHUD, SEPFAM, WETBAR | | Great Room 70x65 | ENTCTRBI, WETBAR |

| | | | | | | |
|---|---|---|---|---|---|---|
| MBR Down? Y | Bed Dn N | Ba Dn N | Ba Dn Desc. F | | |
| Constrctn | | | | | |
| Refrg Y | Dispos Y | Dishw | Washer Inc N | Dryer Inc N | DryerUtil B | Location 1STFLR, 2NDFLR |
| OthApplnces CENTVAC, MICROWV, WTCNDO, WTRFILT, WINEREF | | | | | | |
| Furniture Included? | | | | | | |
| Interior ALARMO, BLINDS, CEILFN, DRAPES, INTERCM, WNDWPRT | | | | Oven Desc DBLOVNE, STOVEG, WARMDR | | |
| Firepl | | | | Flooring CARPET, HRDWOOD, MARBLE | | |
| Firepl Loc | | | | Fence BF/BLOCK, WRTIRON | | |
| House Face West | | House Views CITYVW, MOUNTVW, STRPVW | | | Equest NONE | |
| Exterior BALCONY, BITOBBQ, CVPATIO, PRIVYRD | | | | | Miscel HPP | |
| Landscap DESERT, MATURE, RERSPR, SHRUBS, SPRINKT, WTRSCAP | | | | | Water PUBLIC | |
| Heat Sys 2PLUSUNITS, CENTRAL, HIEFFHV, PRGTHER | | HtFuel GAS | | | | |
| Cool Sys 2UNITSPLUS, CENTRAL, HIEFHVA, PRGTHER | | CLFuel ELEC | Grd Mounted | | Sewer PUBLIC | |
| Utility Info CABAVL | | Energy DUALPNE, LOWEWIN | | | Sol Elec None | |

| VOW/FINANCIAL/LISTING OFFICE INFORMATION | | | | Internet Y | Public Address Y | | AVM Y | Commentary Y |
|---|---|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| AsscFee Y | AssocName Spanish Hills | | | Assoc Ph 702-737-8580 | | Mast Plan Fee $0/N |
| AsscFee1 $750/M | AsscFee2 | | | Assessmt N | | Assessment Amt |
| Assoc Fee Includes GATED, GROUND, LNDMNT, MGMT | | | | SID/LID? N | | SID/LID Ann |
| Earn Dep $325,000 | Ann Tax $47,798 | Court App N | Short Sale N | Foredo N | Repo/REO N | Utlg/Typ N |
| Finance Consid CASH, CONV | | | FIRPTA? N | NOD | | Rent | Poss COE |
| Lockbox N | LockboxLocation | | | TempOfMktStatus | | T Status Date |
| L/Agent Ivan G Sher | | L/APh 702-315-0223 | | REALTOR Y | AgtOwnshpInt | LeaseEnd |
| Office BHHS Nevada Properties | | OffcPh 702-315-0223 | | Bonus SO | CoOp 3.000% | Flat Fee |
| Off Add 1215 S Fort Apache Rd Ste 210, Las Vegas 89117-5491 | | | | BrokerName Forrest L Barbee | | Vr N | Ex N |
| Agt Fax # | Email ivan@isluxury.com | | | | PhotExcl | VTour Y | OwnLic N |
| TeamContact | | | TeamContPh | | TeamEmail | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Resident | Call Listing Office | ResPh 702-315-0223 | Occup OWN | Power ON | AuctTyp | ListDt 06/28/2017 |
| Showing APPTLA | | | GateCode Guard | Act DOM 138 | AuctDt | ExpDt |
| ContDesc OTHER | | ComboLB | GateCode2 | OrigListPrice $6,499,000 | | WD |

| Energy-Efficient/GREEN Information: | |
|---|---|
| Green Building Certification | No |

| CONTINGENT/PENDING/SOLD INFORMATION: | | | | |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Accept/Date 11/10/2017 | EstClo/Date 10/31/2018 | DaysListingtoClose | Orig L.Price $6,499,000 |
| Sold Terms CASH | ActClo/Date | BuyersAgtPublicID 006762 | Sale Price |
| Sellers Contrib | Prop Condition | Buyer Broker SVRE | SP/SqFt |
| OwnrCarry | Days On Market 138 | Broker Office Simply Vegas, 3042 S Durango Dr, Las Vegas 89117 | |
| Auction Buyer Premium | | | |
| Addit Auction Sold Terms | Sale Type | BuyerAgentName Gavin Ernstone/702-523-3677 | |

# EXHIBIT 8
Proposed Charging Order

Proposed Charging Order
# EXHIBIT 8

1  BRYAN M. VIELLION
   Nevada Bar No. 13607
2  KAEMPFER CROWELL
   1980 Festival Plaza Drive, #650
3  Las Vegas, Nevada  89135
   Phone:  (702) 792-7000
4  Fax:  (702) 796-7181
   bviellion@kcnvlaw.com
5  *Attorneys for Plaintiff/Judgment Creditor*
   *Magnolia Financial Group, LLC*

6

7                  UNITED STATES DISTRICT COURT

8                      DISTRICT OF NEVADA

9  MAGNOLIA FINANCIAL GROUP, LLC,          Case No.  2:18-ms-00073

10                    Plaintiff,

                                           **CHARGING ORDER AGAINST
11 v.                                        INTERESTS OF DEBTOR
                                              KENNETH ANTOS**
12 KENNETH ANTOS; DAVID BECKLEAN;
   and KCI INVESTMENTS, LLC,

13
                      Defendants.
14

15        On October ___, 2018, this Court GRANTED Plaintiff/Judgment Creditor Magnolia

16 Financial Group's motion for charging order on the limited liability company and corporate

17 shareholder interests of judgment debtor Kenneth Antos in any payments, distributions, or

18 disbursements from Spanish Heights Acquisition Company, LLC, through Mr. Antos' interest as

19 the settlor, trustee, and beneficiary of the Kenneth and Shelia Antos Living Trust ("Trust"), in

20 order to satisfy MFG's judgment.

21        **IT IS THEREFORE ORDERED** that the interests of the Spanish Heights Acquisition

22 Company, LLC are charged with payment of the remaining balance of the judgment in this

23 matter, which, as of September 18, 2018, is $3,676,203.62 including costs, attorney's fees and

24 interest.

1    **IT IS FURTHER ORDERED** that no member or stockholder of Spanish Heights

2    Acquisition Company, LLC shall distribute to the Trust any funds or assets whatsoever, but

3    instead shall pay over to the Plaintiff/Judgment Creditor Magnolia Financial Group all funds and

4    assets in any payments, distributions, or disbursements from Spanish Heights Acquisition

5    Company, LLC which would have been distributed to the Trust for Kenneth Antos' benefit in

6    order to satisfy MFG's judgment.

7    **IT IS SO ORDERED.**

8    _____

      UNITED STATES DISTRICT JUDGE

9    DATED_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2213306_4.docx        18691.1

Page 2 of 2