# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAGNOLIA FINANCIAL GROUP, LLC, | Case No. 2:18-cv-01839-JAD-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| KENNETH ANTOS, et al., | |
| Defendants. | |

Presently before the court is plaintiff/judgment creditor Magnolia Financial Group, LLC's motion for charging order (ECF No. 6), filed on September 21, 2018. The motion is unopposed. This case was reassigned to the undersigned magistrate judge on May 3, 2019.

The United States District Court for the Eastern District of Louisiana entered a judgment in favor of Magnolia and against defendants/judgment creditors Kenneth Antos, David Becklean, and KCI Investments, LLC, for $2,947,518.81, plus interest as stated in the judgment. (J. (ECF No. 1) at 2-3.) Magnolia subsequently registered the judgment in this district. (*Id.* at 1.) Magnolia served notice of the registration of the judgment in this district on the judgment debtors by certified mail. (Notice (ECF No. 3).) Magnolia also served notice of the filing of the judgment and affidavit of registration on the judgment by certified mail. (Notice (ECF No. 4); Notice (ECF No. 5).)

According to Magnolia, Antos has a membership interest in a limited liability company that owns real property in Nevada. Magnolia now moves for a charging order against any distributions, disbursements, or other income provided to Antos by virtue of his membership interest in the limited liability company. Specifically, Magnolia represents to the court that the real property owned by the limited liability company was listed for sale in Nevada and under

contract, with a closing date of October 31, 2018. Magnolia requests an order requiring any funds received by the limited liability company from the sale be paid to Magnolia to satisfy its judgment, rather than to the Kenneth and Sheila Antos Living Trust. The motion for charging order was served on Antos by United States Mail. (Mot. for Charging Order (ECF No. 6) at 7.)

Given that the date of the sale has passed, the court ordered Magnolia to file a status report indicating whether its motion for a charging order is moot. (Order (ECF No. 10).) Magnolia represents that the sale of the real property did not close and that the entity continues to hold assets, including the real property, such that Magnolia's request for a charging order is not moot. (Status Report (ECF No. 12).)

Title 28 U.S.C. § 1963 affords a federal district court the power to register a judgment entered in any district court after the judgment has become final. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforce in like manner." *Id.* Rule 69 of the Federal Rules of Civil Procedure provides mechanisms for executing judgments. Federal courts generally apply state law enforcement procedures, unless a federal statute applies. Fed. R. Civ. P. 69(a).

Nevada law requires that when a foreign judgment is registered, the judgment creditor must file an affidavit setting forth the name and last known address of the judgment debtor, stating that the judgment is valid and enforceable, and the extent to which the judgment as been satisfied. Nev. Rev. Stat. § 17.360(1)-(2). When a foreign judgment is registered in Nevada, a 30-day stay of execution applies. Nev. Rev. Stat. § 17.360(3).

Under Nevada Revised Statutes § 86.401, a judgment creditor of a member of an LLC may seek satisfaction of the judgment by moving a court to charge the member's interest in the LLC. Nev. Rev. Stat. § 86.401(1); *Weddell v. H20, Inc.*, 271 P.3d 743, 749 (Nev. 2012). "A charging order directs the LLC to make distributions to the creditor that it would have made to the member." *Weddell*, 271 P.3d at 749 (quotation omitted). Under a charging order, a judgment creditor is entitled to only "the judgment debtor's share of the profit and distributions, takes no interest in the LLC's assets, and is not entitled to participate in the management or administration of the business." *Id.* at 750.

| | |
|---|---|
| 1 | Here, is appears that Magnolia has complied with all applicable procedures for registering the foreign judgment in this district, has provided the required affidavit and notices under Nevada, waited the applicable 30-day period, and has demonstrated it is entitled to a charging order. Antos has not appeared in this case and did not respond to the motion for a charging order, which constitutes a consent to the granting of the motion. *See* LR 7-2(d). Accordingly, the court will grant Magnolia's motion for a charging order. |

IT IS THEREFORE ORDERED that plaintiff/judgment creditor Magnolia Financial Group, LLC's motion for charging order (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Magnolia must file a proposed charging order for the court's consideration by October 8, 2019.

DATED: September 26, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE